STEPTOE & JOHNSON LLP
Collier Center
201 East Washington Street
Suite 1600
Phoenix, Arizona 85004-2382
Telephone: (602) 257-5200
Facsimile: (602) 257-5299

Mark D. Newman (021952)

Attorneys for Plaintiff,
SEGA ENTERTAINMENT U.S.A., INC.

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| SEGA ENTERTAINMENT U.S.A., INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>FELDMAN LUBERT ADLER HARRISBURG LP, a Pennsylvania limited partnership; FELDMAN HARRISBURG GENERAL PARTNER, INC., a Pennsylvania corporation; and DOES 1-10, inclusive,<br><br>Defendants. | CASE NO.<br><br>**COMPLAINT FOR**<br><br>(1)   BREACH OF CONTRACT; AND<br><br>(2)   SPECIFIC PERFORMANCE<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff SEGA ENTERTAINMENT U.S.A., INC. ("SEUI"), as and for its complaint, hereby alleges as follows:

**JURISDICTION AND VENUE**

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 in that there is complete diversity between the parties and the amount in controversy exceeds $75,000.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(a) in that a substantial part of the events or omissions giving rise to the claims alleged herein occurred

in this judicial district.

## THE PARTIES

3. SEUI is, and at all relevant times herein was, a Delaware corporation with its principal place of business located in Los Angeles County, California.

4. SEUI is informed and believes, and on that basis alleges, that defendant FELDMAN LUBERT ADLER HARRISBURG LP ("FLAH") is, and at all relevant times herein was, a Pennsylvania limited partnership with its principal place of business located in Maricopa County, Arizona.

5. SEUI is informed and believes, and on that basis alleges, that defendant FELDMAN HARRISBURG GENERAL PARTNERSHIP, INC. ("FHGP") is, and at all relevant times herein was, a Pennsylvania corporation with its principal place of business located in Naussau County, New York. SEUI is further informed and believes, and on that basis alleges, that FHGP is the general partner of FLAH.

6. SEUI is informed and believes, and on that basis alleges, that Defendants Does 1 through 10, inclusive (collectively, the "Doe Defendants"), are corporations, partnerships, proprietorships, unincorporated associations, and/or individuals whose identities and addresses are presently unknown to, and unascertainable by, SEUI. SEUI is further informed and believes, and on that basis alleges, that the Doe Defendants, and each of them, are necessary parties to this action. SEUI will amend its pleadings to allege the true identities of the Doe Defendants when their respective identities are ascertained. FLAH, FHGP and the Doe Defendants are collectively referred to as "Defendants."

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

7. SEUI is the North American amusement facilities operation arm of Tokyo, Japan-based SEGA Corporation, a worldwide leader of amusement facilities, software and arcade machines for consumers both inside and outside of the home. SEUI specializes in delivering premium entertainment experiences via its location-based entertainment destinations, which provide consumers with both signature food and beverage offerings and some of the world's most popular arcade game products.

8. SEUI is informed and believes that FLAH owns the Harrisburg Mall, which is a shopping center in Harrisburg, Pennsylvania (the "Mall").

9. As part of its continuing strategy to implement new location-based entertainment destinations around the country, SEUI entered into contract negotiations with FLAH for SEUI to lease space in the Mall that would be used for the construction and operation of SEUI's "World Sports Grille by Sega."

10. On or about August 7, 2007, after extensive negotiations, FLAH and SEUI entered into a lease agreement for SEUI to lease approximately 15,000 square feet of mixed use space at the Mall (the "Lease Agreement"). FHGP signed the Lease Agreement on behalf of FLAH in Maricopa County, Arizona.

11. Pursuant to Section 9.2 of the Lease Agreement, SEUI is permitted to make certain tenant improvements to its leased space (the "Tenant Improvements"), so long as the plans for the Tenant Improvements are approved in advance by FLAH.

12. In accordance with Section 9.2 of the Lease Agreement, SEUI spent considerable amounts of time and resources to develop detailed plans for the Tenant Improvements. The total cost of the Tenant Improvements is expected to exceed $5,000,000.

13. FLAH has approved SEUI's plans for the Tenant Improvements.

14. Pursuant to Section 9.7 of the Lease Agreement, FLAH is required to reimburse SEUI up to $2,000,000 for the Tenant Improvements.

15. To date, SEUI has spent approximately $1,300,000 on the Tenant Improvements but has been reimbursed only approximately $600,000 from FLAH.

16. SEUI is informed and believes, and on that basis alleges, that FLAH has and continues to experience difficulties raising the cash needed to complete the Mall, and that FLAH is delinquent in paying the general contractor in charge of construction of the Mall. As a result, the general contractor has ceased construction work on SEUI's World Sports Grille, and much of the rest of the Mall. This work stoppage is causing delays and jeopardizing the timely opening (or any opening) of SEUI's World Sports Grille and a

large portion of the Mall.

17.   In light of the foregoing, on or about June 19, 2008, SEUI sent a letter to FLAH requesting further written assurances from FLAH that it would: 1) be able to comply with all of its obligations under the Lease, including future payments to SEUI for the Tenant Improvements; 2) pay the general contractor all past-due amounts owed for work on the Mall; and 3) be able to timely pay the general contractor for construction of the Mall and SEUI's World Sports Grille through completion of the Mall.

18.   Over thirty days have passed, and FLAH has not provided SEUI with adequate assurances that it will comply with the terms of the Lease Agreement.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

(Against FLAH, FHPG, and DOES 1-10)

19.   SEUI repeats and incorporates by reference all of the allegations set forth in paragraphs 1-18, inclusive, as though fully set forth herein.

20.   FLAH's failure to provide SEUI with further assurances is a repudiation and material breach of the Lease Agreement.

21.   SEUI has performed all of its obligations under the Lease Agreement, or such obligations were excused as a result of FLAH's prior material breach.

22.   As a direct and proximate result of FLAH's material breach of the Lease Agreement, SEUI has suffered significant monetary damages in an amount to be proven at trial, but believed to be not less than $500,000.00.

23.   As FLAH's general manager, FHGP is liable for all damages caused by FLAH's material breach of the Lease Agreement.

## SECOND CLAIM FOR RELIEF

(Specific Performance)

(Against FLAH and DOES 1-10)

24.   SEUI repeats and incorporates by reference all of the allegations set forth in paragraphs 1-23, inclusive, as though fully set forth herein.

25. The real property in the Mall leased by FLAH to SEUI is unique and cannot be duplicated.

26. Monetary damages cannot fully compensate SEUI for FLAH's material breach of the Lease Agreement.

27. SEUI lacks an adequate remedy at law for FLAH's material breach of the Lease Agreement. Accordingly, SEUI is entitled to an order directing FLAH to specifically perform each of its obligations under the Lease Agreement, including but not limited to its obligations to: (1) construct the Mall in accordance with paragraph 9.1 and Exhibit B-2 of the Lease Agreement; (2) lease the property to SEUI for ten (10) years, with two options to renew, pursuant to section 1.1(B) of the Lease Agreement; and (3) reimburse SEUI for the Tenant Improvements, pursuant to section 9.7 of the Lease Agreement.

## PRAYER FOR RELIEF

WHEREFORE, SEUI prays for judgment against the Defendants as follows:

1. That SEUI be awarded compensatory, reliance and/or consequential damages for FLAH's material breach of the Lease Agreement in an amount to be proven at trial but not less than $500,000.00;

2. That FLAH be ordered to specifically perform each of its obligations under the Lease Agreement, including but not limited to its obligations to: (1) construct the Mall in accordance with paragraph 9.1 and Exhibit B-2 of the Lease Agreement; (2) lease the property to SEUI for ten (10) years, with two options to renew, pursuant to section 1.1(B) of the Lease Agreement; and (3) reimburse SEUI for the Tenant Improvements, pursuant to section 9.7 of the Lease Agreement;

3. That SEUI be awarded its reasonable attorneys' fees and costs of suit incurred herein; and

1    4.   That SEUI have such other and further relief as the Court deems just and
2  equitable.

3  DATED: July 30, 2008
4

5                             STEPTOE & JOHNSON LLP
6

7                             By  s/Mark D. Newman
                                  Mark D. Newman
8                                 Collier Center
                                  201 East Washington Street
9                                 Suite 1600
                                  Phoenix, Arizona 85004-2382
10
                              Attorneys for Plaintiff
11

1 | **DEMAND FOR JURY TRIAL**
2 |       Plaintiff Sega Entertainment U.S.A., Inc. demands trial by jury of all claims
3 | and issues for which such a trial is available.
4 |
5 | DATED: July 30, 2008
6 |
7 |                STEPTOE & JOHNSON LLP
8 |
9 |       By  s/ Mark D. Newman
          Mark D. Newman
          Collier Center
10 |           201 East Washington Street
          Suite 1600
11 |           Phoenix, Arizona 85004-2382
12 | Attorneys for Plaintiff

Doc. #562661 v.1

**CERTIFICATE OF SERVICE**

I hereby certify that on the 30th day of July, 2008, I caused the attached document to be electronically transmitted to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrant:

I further certify that I caused a copy of the attached document to be mailed on the 30th day of July, 2008 to:

s/ Beth E. Gibson
Beth E. Gibson, Legal Secretary

Doc. #562661 v.1